UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-16-CV-843-XR |
| AIH ALAMO ICE HOUSE, LLC, *et al.*, | § | |
| *Defendants*. | § | |

# ORDER

On this date, the Court considered the status of the above captioned case and its pending motions. After careful consideration, the Court GRANTS Defendant Michael Brooks Kieschnick's Motion for Summary Judgment (Docket no. 33), GRANTS Plaintiff's Motion for Default Judgment (Docket no. 34), and GRANTS Plaintiff's Motion for Summary Judgment (Docket no. 35).

## BACKGROUND

### I. Factual History

Plaintiff held exclusive commercial distribution rights to the broadcast of the *Miguel Cotto v. Canelo Alvarez* telecast ("Program") nationwide on November 21, 2015. Docket no. 1 at 1. The Program broadcast originated via satellite uplink and was re-transmitted interstate to cable systems and satellite television companies via satellite signal. *Id.* at 4. Plaintiff entered into agreements with various commercial establishments in Texas that allowed them, for a fee, to exhibit the Program to their patrons. *Id.* at 5. Plaintiff allegedly expended substantial monies to market and transmit the Program to those establishments. *Id.*

Plaintiff alleges that Defendants did not contract with or pay a fee to Plaintiff to obtain a proper license or authorization to show the Program at the Alamo Ice House. *Id.* Plaintiff alleges that Defendants willfully intercepted or received the interstate communication of the Program, or assisted in such actions, then unlawfully transmitted, divulged, and published said communication, or assisted in unlawfully transmitting, divulging, and publishing said communication to their patrons. *Id.* Plaintiff alleges that Defendants then showed the Program without authorization, license, or permission. *Id.*

Plaintiff alleges that Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment, and that Defendants acted willfully and with the purpose and intent to secure a commercial advantage and private financial gain. *Id.* Plaintiff alleges that Defendants' agents, servants, and employees acted within the scope of their employment and authority at the time of the alleged wrongful conduct. *Id.* at 6.

## II. Procedural History

Plaintiff filed this case on August 24, 2016, seeking monetary relief up to $110,000 pursuant to 47 U.S.C. § 605, or, alternatively, up to $60,000 pursuant to 47 U.S.C. § 553. Docket no. 1 at 7. Plaintiff named as Defendants: (1) Alamo Ice House, LLC, under which the establishment at which the Program was allegedly shown operates; (2) Jaime Luis Gonzales; (3) Michael Brooks Kieschnick; (4) Charles Robison; and (5) Raymond Fuchs. Plaintiff alleged that Gonzales, Kieschnick, Robison, and Fuchs are all owners of Alamo Ice House. Docket no. 1.

On September 15, 2016, Defendants AIH Alamo Ice House, Jaime Luis Gonzales, and Raymond Fuchs ("AIH Defendants") filed an answer to Plaintiff's complaint and cross claim against Defendant Kieschnick. Docket no. 4. The AIH Defendants pled the affirmative defense

of impossibility and cross claimed against Defendant Kieschnick for indemnity and contribution under Texas common law. *Id.* at 3. On October 27, 2016, Defendant Kieschnick filed an answer to Plaintiff's complaint and the AIH Defendants' cross claim. Docket no. 7. Defendant Robison was served on October 5, 2016, but never filed an answer. Docket no. 5.

On June 5, 2017, Plaintiff and Defendant Kieschnick filed a joint motion of partial dismissal with prejudice. Docket no. 30. Plaintiff and Defendant Kieschnick notified this Court that they entered into a settlement agreement, and each dismissed with prejudice claims against the other. *Id.* at 1. Defendant Kieschnick agreed to pay plaintiff in the amount of $15,000. Docket no. 33-1 at 1. Plaintiff maintained its claims against the other remaining Defendants. Docket no. 30 at 2. On June 7, 2017, this Court dismissed with prejudice the claims as requested. Docket no. 31.

Now before the Court is Defendant Kieschnick's motion for summary judgment against the AIH Defendants (Docket no. 33), Plaintiff's motion for default judgment against Defendant Robison (Docket no. 34), and Plaintiff's motion for summary judgment (Docket no. 35). No responses were filed against these motions.

## MOTIONS FOR SUMMARY JUDGMENT

**I. Standard of Review**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to

support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court reviews all facts in the light most favorable to the non-moving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). A motion for summary judgment cannot be granted simply because there is no opposition. *Ford–Evans v. Smith*, 206 Fed. App'x 332, 334 (5th Cir. 2006).

## II. Analysis

### A. Plaintiff's Motion for Summary Judgment on its claims against the AIH Defendants

Plaintiff asserted claims under 47 U.S.C. §§ 553 and 605 against Defendants. Under Section 553, "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law. 47 U.S.C. § 553(a)(1). The

unlawful interception and broadcast of cable communications, as alleged by Plaintiff, violates § 553. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (applying § 553 to unlawful interception and transmission of boxing broadcast).

A person violates 47 U.S.C. § 605 when he "intercept[s] any radio communication . . . [or] receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Although the Fifth Circuit has yet to apply Section 605 to a defendant's alleged unauthorized interception and broadcast of cable or satellite transmissions, *see J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 352. (5th Cir. 2014), this Court has previously agreed with the majority of other courts that such allegations "state a viable claim for relief pursuant to both Sections 553 and 605." *J&J Sports Prods., Inc. v. Quesada Investments LLC*, 2017 WL 2881166, at *4 (W.D. Tex. July 5, 2017). Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014); *G&G Closed Circuit Events, LLC v. Cisneros*, No. 5:15-CV-302-DAE, 2016 WL 1322485, at *2 (W.D. Tex. Apr. 1, 2016).

Plaintiff states it held the exclusive commercial distribution rights to the Program, and that on the date of the event, Defendant Alamo Ice House, LLC conducted business as "Alamo Ice House" and "Alamo Ice House Brew & BBQ," and operated, maintained, controlled, and managed the Establishment. Docket no. 1 at 1–2. Plaintiff states Defendants Gonzales and Fuchs were each an officer, manager, member, and/or principal and owner of the LLC, had a right and ability to supervise the activities of the Establishment, and gained an obvious and direct financial benefit from the activities of the Establishment. *Id.* at 2–3. These AIH Defendants admit these allegations. Docket no. 4 at 1–2.

Plaintiff alleges that the Defendants, by unauthorized satellite transmission or unauthorized receipt over a cable system, willfully intercepted or received the interstate communication of the Program or assisted in such actions. Docket no. 1 at 5. Plaintiff alleges the Defendants unlawfully transmitted, divulged, and published said communication, or assisted in unlawfully transmitting, divulging, and publishing said communication to patrons in the Alamo Ice House. *Id.* Plaintiff alleges that the Defendants exhibited the Program to their patrons without authorization, license, or permission to do so from Plaintiff. *Id.* The AIH Defendants admit these allegations. Docket no. 4 at 2.

Plaintiff alleges that when the Program was shown, the Defendants' agents, servants, and employees were acting within the scope of their employment and authority. Docket no. 1 at 6. Plaintiff contends the Defendants' wrongful action violate 47 U.S.C. § 605, and in the alternative violate 47 U.S.C. § 553. *Id.* The AIH Defendants admit these allegations. Docket no. 4 at 2.

The AIH Defendants allege they did not have any equipment at the premises with which to violate the law and unlawfully show the event in question. Docket no. 4 at 3. The AIH Defendants further allege that Defendant Kieschnick stated he would bring his receiver from home, hook it up to the Alamo Ice House television sets, and pay for the Program on his residential bill, and that the AIH Defendants did not know this was a violation of law. *Id.* Because Section 605 is a strict liability statue, the allegations with respect to Defendant Kieschnick are irrelevant to liability.

Plaintiff alleges that Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment, and that the Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain. Docket no. 1 at 5. The AIH Defendants deny

these allegations. Docket no. 4 at 2. These denials, however, do not present a genuine issue of material fact. The AIH Defendants only dispute that they paid Plaintiff directly, and that failure to pay Plaintiff was done so willingly and with the purpose and intent to secure a commercial advantage and private financial gain. Again, given that Section 605 is a strict liability statute, these disputes are irrelevant to liability.

The AIH Defendants admitted that they willfully intercepted or received communication of the Program or assisted in such actions by unauthorized transmission or receipt, and they admitted that they violated Section 605. There is no genuine issue of material fact as to whether the AIH Defendants violated 47 U.S.C. 605.

### B. Defendant Kieschnick's Motion for Summary Judgment on the AIH Defendants' cross-claim.

The AIH Defendants asserted a cross claim for indemnity and contribution against Defendant Kieschnick under Texas common law. The AIH Defendants' asserted cross claim relates to the alleged unauthorized showing of the Program at the Alamo Ice House. In short, the AIH Defendants allege that Defendant Kieschnick represented that he would bring a receiver from his home, hook it up to Alamo Ice House television sets, and pay to show the Program on his personal residential bill. Docket no. 4 at 3. The AIH Defendants allege they did not know this was a violation of law, or that Defendant Kieschnick unlawfully acquired the signal for the Program. *Id.* Defendant Kieschnick denies the AIH Defendants' allegations. Docket no. 7 at 5. Defendant Kieschnick moves for summary judgment on all cross claims. Docket no. 33.

#### 1. There is no fact issue with respect to the AIH Defendants' indemnity claim.

Even viewing the evidence alleged in a light most favorable to the AIH Defendants, the indemnity claim fails as a matter of law. Under Texas law, common law indemnity is rarely permitted. *See, e.g.*, *B&B Auto Supply, Sand Pit & Trucking Co. v. Cent. Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex. 1980) (holding "the common law right of indemnity is no longer available between joint tortfeasors in negligence cases). Common law indemnity claims are only available in negligence actions to protect a defendant whose liability is "purely vicarious" in nature, or products liability actions to protect an innocent retailer. *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255 n.10 (Tex. 2006) ("The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer situation.") (quoting *Aviation Office of Am., Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1988)).

The AIH Defendants seek indemnification under Texas common law from Defendant Kieschnick for Plaintiff's satellite and cable piracy claims. Plaintiff alleges that Defendants violated 47 U.S.C. § 605 when they showed the Program without authorization, or in the alternative, violated 47 U.S.C. § 553 for the same unauthorized showing. As Defendant Kieschnick argues, Plaintiff's claims do not include claims of negligence or product liability. Given that a Texas common law indemnity claim only exists for negligence or product liability actions, there is no genuine issue of material fact as to whether Defendant Kieschnick must indemnify the AIH Defendants.

## 2. There is no fact issue with respect to the AIH Defendants' contribution claim.

Even viewing the evidence alleged in a light most favorable to the AIH Defendants, the contribution claim fails as a matter of law. Under Texas law, "there is no common-law right to

contribution." *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 874 (Tex. App.—Texarkana 1997, pet. denied). The AIH Defendants brought their contribution claim specifically "under and pursuant to Texas Common Law." Docket no. 4 at 3. Given that the AIH Defendants brought a claim that is unavailable under Texas law, there is no genuine issue of material fact as to whether the AIH Defendants may seek contribution from Defendant Kieschnick.

**MOTION FOR DEFAULT JUDGMENT**

**I. Standard of Review**

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's failure to respond is considered an admission of "plaintiff's well-pleaded allegations of fact" that relate to liability, but not damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED R. CIV. P. 54(c). A hearing to determine the amount of damages is unnecessary when that amount can be determined "with certainty by reference to the pleadings and supporting documents." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (quoting *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)).

**II. Analysis**

By defaulting, Defendant Robison effectively admits Plaintiff's allegations of fact and the Court accepts all factual allegations relating to liability as true. *Jackson*, 302 F.3d at 525. Based on the allegations by Plaintiff and the subsequent default by Defendant Robison, the Court finds that: (1) Plaintiff held exclusive rights to distribute the Program to commercial entities; (2) Plaintiff contracted with various commercial entities in Texas to exhibit the Program for a fee;

(3) Defendant Robison presented the Broadcast at a commercial location via satellite absent an agreement with Plaintiff or other authority to do so; (4) this unauthorized presentation of the Program by Defendant Robison violated 47 U.S.C. § 605; and (5) Defendant Robison exhibited the Program for the purpose of securing financial gain.

Further, "[b]ased on the limited methods of intercepting closed circuit broadcasting . . . and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held [such] conduct . . . to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." Entm't by J&J, Inc. v. Al-Waha Enters., Inc., 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002). Therefore, this Court concludes Defendant Robison violated the Communications Act with the intent to achieve private financial gain.

## DAMAGES

Plaintiff seeks statutory damages under 47 U.S.C. § 605, or alternatively under 47 U.S.C. § 553. Courts have dealt with violations of both sections by awarding damages only under Section 605 because it allows for greater recovery by the plaintiffs. *See J&J, Inc. v. Al–Waha Enters.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002); *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 127 (2d Cir. 1996). Generally, recovery under both sections is not available to a plaintiff. *Al–Waha Enters., Inc.*, F. Supp. 2d at 775. Consequently, this Court will consider damages only under Section 605.

There are three relevant damages provisions in 47 U.S.C. § 605. First, as a baseline, the statute allows for damages between $1,000 and $10,000 for violations of the Communications Act. 47 U.S.C. § 605(e)(3)(C)(i). The second provision gives the court the discretion to award additional damages "by an amount of not more than $100,000 for each violation" if the court

finds "that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The final provision provides that the court "shall direct the recovery of full costs, including reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff seeks statutory damages in the amount of $10,000 for Defendants' alleged violations of Section 605(a), based on its lost licensing fees and Defendants' benefits from the broadcast. Docket no. 35 at 13–15. Plaintiff seeks further damages for Defendants' alleged willful violations of Section 605 in the amount of $50,000. *Id.* at 19. Plaintiff contends that Defendants Gonzales, Fuchs, and Robison are vicariously liable for the alleged willful violation. *Id.* at 20. Plaintiff asserts the same damages against Defendant Robison in its Motion for Default Judgment. Docket no. 34. As mentioned above, Plaintiff has previously settled with Defendant Kieschnick for the amount of $15,000. Docket no. 33-1 at 1.

Plaintiff appears to rely on a theory of joint and several liability for the entirety of the monetary damages it seeks. Although joint and several liability may apply for Plaintiff's actual damages, it is not clear the same is true for other claimed damages, such as for illegal profit or enhanced damages imposed as a penalty aimed to deter willful conduct. *See, e.g.*, *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir.1981); *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 301–02 (E.D. Pa. 2014).

In light of the Court's decisions in this Order, and the remaining question of Plaintiff's request for damages with respect to the remaining Defendants, the Court requests further briefing from the parties on the proper awarding of damages. In addition, although the AIH Defendants may not be entitled to contribution or indemnity from Defendant Kieschnick, they may be entitled to an offset for the previously settled $15,000.

## CONCLUSION

The Court hereby GRANTS Defendant Kieschnick's Motion for Summary Judgment, GRANTS Plaintiff's Motion for Default Judgment, and GRANTS Plaintiff's Motion for Summary Judgment. The Court ORDERS that all remaining parties brief the Court on the issue of the awarding of damages by September 26, 2017.

It is so ORDERED.

SIGNED this 12th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE