# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-16-CV-843-XR |
| AIH ALAMO ICE HOUSE, LLC, ET AL., | § § § | |
| *Defendants*. | § § § § | |

## ORDER

On this day the Court considered the appropriate damages award in the above-captioned case. The Court considered Plaintiff's briefing on the issue of damages. Defendants failed to brief the Court as to damages.

## BACKGROUND

Plaintiff held exclusive commercial distribution rights to the broadcast of the *Miguel Cotto v. Canelo Alvarez* telecast ("the Program") on November 21, 2015. Docket no. 1 at 1. The Program broadcast originated via satellite uplink and was re-transmitted interstate to cable systems and satellite television companies via satellite signal. *Id.* at 4. Plaintiff entered into agreements with various commercial establishments in Texas that allowed them, for a fee, to exhibit the Program to their patrons. *Id.* at 5.

Plaintiff alleges that Defendants did not contract with or pay a fee to Plaintiff to obtain a proper license or authorization to show the Program at the Alamo Ice House. *Id.* Plaintiff alleges that Defendants willfully intercepted or received the interstate communication of the Program, or assisted in such actions, then unlawfully transmitted, divulged, and published said

communication, or assisted in unlawfully transmitting, divulging, and publishing said communication to their patrons. *Id.* Plaintiff alleges that Defendants then showed the Program without authorization, license, or permission. *Id.*

Plaintiff alleges that Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment, and that Defendants acted willfully and with the purpose and intent to secure a commercial advantage and private financial gain. *Id.* Plaintiff alleges that Defendants' agents, servants, and employees acted within the scope of their employment and authority at the time of the alleged wrongful conduct. *Id.* at 6.

Plaintiff filed this case on August 24, 2016, seeking monetary relief up to $110,000 pursuant to 47 U.S.C. § 605, or, alternatively, up to $60,000 pursuant to 47 U.S.C. § 553. Docket no. 1 at 7. Plaintiff named as Defendants: (1) Alamo Ice House, LLC, under which the establishment at which the Program was allegedly shown operates; (2) Jaime Luis Gonzales; (3) Michael Brooks Kieschnick; (4) Charles Robison; and (5) Raymond Fuchs.

On September 15, 2016, Defendants AIH Alamo Ice House, Jaime Luis Gonzales, and Raymond Fuchs ("AIH Defendants") filed an answer to Plaintiff's complaint and cross claim against Defendant Kieschnick. Docket no. 4. On October 27, 2016, Defendant Kieschnick filed an answer to Plaintiff's complaint and the AIH Defendants' cross claim. Docket no. 7. Defendant Robison was served on October 5, 2016, but never filed an answer. Docket no. 5.

On June 5, 2017, Plaintiff and Defendant Kieschnick filed a joint motion of partial dismissal with prejudice. Docket no. 30. Plaintiff and Defendant Kieschnick notified this Court that they entered into a settlement agreement, and each dismissed with prejudice claims against the other. *Id.* at 1. Defendant Kieschnick agreed to pay plaintiff in the amount of $15,000.

Docket no. 33-1 at 1. Plaintiff maintained its claims against the other remaining Defendants. Docket no. 30 at 2. On June 7, 2017, the Court dismissed with prejudice the claims against Defendant Kieschnick as requested. Docket no. 31.

On July 25, 2017, Defendant Kieschnick filed a Motion for Summary Judgment against the AIH Defendants. Docket no. 33. On the same date, Plaintiff filed a Motion for Default Judgment against Robison, Docket no. 34, and Motion for Summary Judgment. Docket no. 35. No responses were filed against these motions.

On September 12, 2017, the Court granted Defendant Kieschnick's Motion for Summary Judgment and Plaintiff's Motions for Default Judgment and Summary Judgment. Docket no. 36. The Court found that the remaining Defendants admitted that they violated Section 605 and that they willfully intercepted or received communication of the Program or assisted in such actions by unauthorized transmission or receipt. *Id.* Because there were remaining questions related to proper damages, the Court ordered the parties to brief the Court on the appropriate awarding of damages by September 26, 2017. *Id.* On September 26, 2017, Plaintiff filed its briefing on damages. Docket no. 38. Defendants did not file any briefing on damages.

**ANALYSIS**

**I.      Legal Standard**

There are three relevant damages provisions in 47 U.S.C. § 605. First, as a baseline, the statute allows for damages between $1,000 and $10,000 for violations of the Communications Act. 47 U.S.C. § 605(e)(3)(C)(i). The second provision gives the court the discretion to award additional damages "by an amount of not more than $100,000 for each violation" if the court finds "that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The final

3

provision provides that the court "shall direct the recovery of full costs, including reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

**II.     Application**

Plaintiff seeks statutory damages in the amount of $10,000 against the remaining Defendants pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). Docket nos. 34, 35. Under Plaintiff's billing model, the licensing fee for a broadcast is based on the capacity of the establishment and varies for each event. Docket no. 35-4 at 1. Here, the establishment in question had a capacity of 370 people. Docket no. 35-8. To purchase viewing rights and legally broadcast the Program for this number of people, Defendants would have been required to pay $8,200. Docket no. 35-4 at 1. When calculating the amount of statutory damages, "[t]he Court finds it reasonable to treble what would have been the cost had Defendant followed the law." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). This figure includes monetary savings resulting from the violation of the Communications Act, "as well as any profits made from food and drink sales associated with customers who stayed and watched the fight." *Id.* Therefore, because the amount Defendants would have paid had they legally purchased the rights to the Event was $8,200, the trebling of this amount would be $24,600. The statute caps damages under this section at $10,000. 47 U.S.C. § 605(e)(3)(C)(i). Accordingly, Plaintiff is awarded $10,000 under this section.

Section 605(e)(3)(C)(ii) allows for enhanced damages when the statute is violated "willfully for the purposes of direct and indirect commercial advantage or private gain." 47 U.S.C. § 605(e)(3)(C)(ii). The Court previously found that Defendants "willfully intercepted or received communication of the Program or assisted in such actions by unauthorized transmission or receipt." Docket no. 36 at 7. Further, "[b]ased on the limited methods of intercepting closed

circuit broadcasting . . . and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held [such] conduct . . . to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." *Entm't by J&J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002). The Court must balance the need to punish illegal piracy with the need to keep damages at a level that will not cause an insurmountable financial burden. *See id.* at 775–76 (reviewing multiple calculation methods and factors courts consider when assessing statutory damages under § 605). The Court finds damages for a willful violation in the amount of $30,000 appropriate based on the venue and willful actions by Defendants.

The statute allows an aggrieved party who prevails to recover full costs and reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff submitted the affidavit of Jamie King to establish the reasonable and necessary attorney's fees. Docket no. 35-15 at 3. Based upon the affidavit and the time spent preparing this case, the Court awards reasonable attorney's fees in the amount of $9,825. The Court declines to award attorney's fees and costs for future appeals.

As to the question of individual Defendants' liability, the Court follows other courts' reasoning and finds the remaining Defendants—Alamo Ice House, Jaime Luis Gonzales, Raymond Fuchs, and Charles Robison—are jointly and severally liable for the entirety of damages awarded. *See Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 436 (2d Cir. 2002) ("[W]e think section 605 is sensibly construed to create joint and several liability among those found liable for a single award of damages attributable to the purchase and installation of a single descrambler device.").

The Court also finds the remaining Defendants are not entitled to an offset as to damages based on Plaintiff's previous settlement with Defendant Kieschnick. Under Texas's one

satisfaction rule, "a plaintiff is entitled to only one recovery for any damages suffered." *Coastal Agricultural Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 508 (5th Cir. 2014). A "nonsettling defendant may claim credit based on the damages for which all the tortfeasors are jointly liable," but not for punitive damages. *Id.* at 508–09. For the one satisfaction rule to apply, however, there must be a "single, indivisible injury." *Id.* at 509. Plaintiff demonstrates that the settlement amount paid by Kieschnick was paid for "in consideration of a release, among other considerations, that covered more than that which is before this court," including Cause No. 5:16-CV-1238-FB in the United States District Court for the Western District of Texas, "other past claims, if any, including those unknown, and other negotiated consideration outside the claims and defenses specifically plead in this case." Docket no. 38 at 4. Accordingly, the Court finds the one satisfaction rule does not apply to Kieschnick's settlement agreement, and the remaining Defendants are liable for the entirety of the damages awarded in this Order.

## CONCLUSION

After review of all the evidence in this case, the previously issued findings of fact and conclusions of law, and the parties' latest briefs regarding damages, the Court awards Plaintiff $49,825.00 ($40,000.00 in total damages and $9,825.00 in attorney's fees). A separate judgment in favor of Plaintiff shall issue in accordance with Rule 58. Plaintiff is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, and with supporting documentation, within fourteen days of the entry of the Judgment. *See* Local Rule 54.

SIGNED this 6th day of October, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE